UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCM PATHFINDER POMPANO BAY, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> COMPASS FINANCIAL PARTNERS LLC and COMPASS USA SPE LLC, <br><br> Defendants. | 08 Civ. 5297 (JSR) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF COMPASS FINANCIAL PARTNERS LLC AND COMPASS USA SPE LLC** |

Defendants Compass Financial Partners LLC and Compass USA SPE LLC (together, "Compass") by and through their attorneys, Milbank, Tweed, Hadley & McCloy LLP, answer the Complaint of CCM Pathfinder Pompano Bay LLC ("CCM Pathfinder") as follows (each number below corresponds to the numbered paragraph in the Complaint):

### Introduction

1. Compass denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Compass denies the allegations contained in Paragraph 2 of the Complaint.

### Parties, Jurisdiction and Venue

3. Compass denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4. Compass admits that Compass Financial Partners LLC is a Delaware limited liability company with its principal place of business in New York, New York. Except as

expressly admitted, Compass denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Compass admits that Compass USA SPE LLC is a Delaware limited liability company with its principal place of business in New York, New York. Except as expressly admitted, Compass denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Compass denies the allegations contained in Paragraph 6 of the Complaint.

### Background Facts

**A.    The Loan Servicing Agreements**

7. Compass admits that it is the successor in interest to USA Commercial Mortgage Company ("USA") as the loan servicer under certain Loan Servicing Agreements relating to the Loan (as that term is defined in Paragraph 1 of the Complaint). Except as expressly admitted, Compass denies knowledge or information sufficient to form a belief as to the allegations contained Paragraph 7 of the Complaint.

8. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

**B.    The Loan**

10. Compass admits that the Loan is evidenced by a Promissory Note Secured by Mortgage dated November 28, 2005 in the principal face amount o f $29,000,000 (the "Note") executed by Palm Harbor 1, LLC (the "Borrower"). Except as expressly admitted,

Compass denies knowledge or information sufficient to form a belief as to the allegations contained Paragraph 10 of the Complaint.

11. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Compass admits that Borrower executed a Mortgage, Security Agreement, and Assignment of Rents dated December 14, 2005. Compass denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 13 of the Complaint.

14. Compass admits that the Note matured on November 30, 2006. Except as expressly admitted Compass denies the allegations contained in Paragraph 14 of the Complaint.

15. Compass admits that on or about February 16, 2007, Compass acquired the servicing rights under the Loan Servicing Agreements. Except as expressly admitted, Compass denies the allegations contained Paragraph 15 of the Complaint.

16. Compass denies the allegations contained in Paragraph 16 of the Complaint.

17. Compass denies the allegations contained in Paragraph 17 of the Complaint.

18. Compass admits that it entered into a settlement agreement with borrower on or about March 3, 2008. Except as expressly admitted, Compass denies the allegations contained in Paragraph 18 of the Complaint.

19. Compass denies the allegations contained in Paragraph 19 of the

Complaint.

20. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Compass denies the allegations contained in Paragraph 21 of the Complaint.

**C.   Compass Did Not Demand the Payment of Unauthorized Late Charges.**

22. Compass refers to the Loan Servicing Agreement for a complete and accurate statements of its contents. Compass denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Compass denies the allegations contained in Paragraph 23 of the Complaint.

24. Compass denies the allegations contained in Paragraph 24 of the Complaint.

25. Compass refers to the Note for a complete and accurate statement of its contents. Compass denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Compass denies the allegations contained in Paragraph 26 of the Complaint.

27. Compass denies the allegations contained in Paragraph 27 of the Complaint.

**D.   Compass Did Not Wrongfully Compound Default Interest**

28. Compass refers to the Note for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 28 of the Complaint.

29. Compass refers to the Note for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 29 of the Complaint.

30. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 30 of the Complaint.

### E.  Compass Correctly Asserts Priority.

31. Compass denies the allegations contained in Paragraph 31 of the Complaint.

32. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 32 of the Complaint.

33. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 33 of the Complaint.

34. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 34 of the Complaint.

35. Compass denies the allegations contained in Paragraph 35 of the Complaint.

36. Compass refers to the Note for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 36 of the Complaint.

37. Compass denies the allegations contained in Paragraph 37 of the Complaint.

38. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 38 of the Complaint.

**F.   Compass Is Not Negligent In Servicing The Loan.**

39. Compass denies the allegations contained in Paragraph 39 of the Complaint.

40. Compass denies the allegations contained in Paragraph 40 of the Complaint.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

41. Compass incorporates by reference its answers in Paragraphs 1 through 40 above as if set forth in full herein.

42. Compass admits that it is a party to the Loan Servicing Agreements. Except as expressly admitted, Compass denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 43 of the Complaint.

44. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 44 of the Complaint.

45. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 45 of

the Complaint.

46. Compass refers to the Loan Servicing Agreement and the Note for complete and accurate statements of their contents. Compass denies the remaining allegations in Paragraph 46 of the Complaint.

47. Compass denies the allegations contained in Paragraph 47 of the Complaint.

48. Compass refers to the Loan Servicing Agreement for a complete and accurate statement of its contents. Compass denies the remaining allegations in Paragraph 48 of the Complaint.

49. Compass denies the allegations contained in Paragraph 49 of the Complaint.

50. Compass denies the allegations contained in Paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

51. Compass incorporates by reference its answers in Paragraphs 1 through 50 above as if set forth in full herein.

52. Compass denies the allegations contained in Paragraph 52 of the Complaint.

53. Compass denies the allegations contained in Paragraph 53 of the Complaint.

54. Compass denies the allegations contained in Paragraph 54 of the Complaint.

55. Compass denies the allegations contained in Paragraph 55 of the

Complaint.

56. Compass denies the allegations contained in Paragraph 56 of the Complaint.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

57. Compass incorporates by reference its answers in Paragraphs 1 through 56 above as if set forth in full herein.

58. Compass denies the allegations contained in Paragraph 58 of the Complaint.

59. Compass denies the allegations contained in Paragraph 59 of the Complaint.

60. Compass denies the allegations contained in Paragraph 60 of the Complaint.

61. Compass denies the allegations contained in Paragraph 61 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Negligence)

62. Compass incorporates by reference its answers in Paragraphs 1 through 61 above as if set forth in full herein.

63. Compass admits that it owed a duty of due care to lenders pursuant to the Loan Servicing Agreement in servicing the Loan. Except as expressly admitted, Compass denies the allegations contained in Paragraph 63 of the Complaint.

64. Compass denies the allegations contained in Paragraph 64 of the Complaint.

65. Compass denies the allegations contained in Paragraph 65 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Accounting)

66. Compass incorporates by reference its answers in Paragraphs 1 through 65 above as if set forth in full herein.

67. Compass denies the allegations contained in Paragraph 67 of the Complaint.

68. Compass denies the allegations contained in Paragraph 68 of the Complaint.

### General Denial

Compass denies each and every allegation not specifically admitted herein.

### Request for Relief

WHEREFORE, Compass respectfully requests that this Court dismiss, with prejudice, the claims alleged against it or that judgment be entered in favor of Compass with costs and attorneys' fees assessed in favor of Compass and against CCM Pathfinder Pompano Bay, LLC.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim thereof, fails to state a cause of action against Compass upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by reason of res judicata

because the issues presented are identical to those presented in the Bankruptcy and CCM Pathfinder, its agents, and assignors were parties or in privity with parties in the prior action.

### FOURTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrines of unclean hands and CCM Pathfinder's inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder suffered no cognizable injury as a result of any conduct by Compass.

### SIXTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrine of laches. CCM Pathfinder unreasonably delayed in asserting the subject claims.

### SEVENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, by the doctrine of waiver. CCM Pathfinder, by its actions or inactions, has waived the right to pursue any claim.

### EIGHTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder lacks standing or the capacity to assert the subject.

### NINTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because CCM Pathfinder failed to mitigate damages. Any damages suffered by CCM Pathfinder were caused by CCM Pathfinder.

### TENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because at all times Compass acted in good faith and without the intent to deceive.

### ELEVENTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or in part, because they are not yet ripe for judicial determination.

## TWELFTH AFFIRMATIVE DEFENSE

CCM Pathfinder's claims are barred, in whole or part, by the doctrine of Comparative Negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Venue in this district is improper and/or subject to transfer for forum non conveniens. Venue in this action should be transferred to the United States District Court, District of Nevada.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Compass presently lacks sufficient knowledge or information to form a belief as to whether it may have additional affirmative defense and expressly reserves any and all rights to assert additional affirmative defenses in the event Compass discovers facts supporting such defenses.

Dated: June 26, 2008

MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____
Scott Edelman (SE-5247)
Daniel Perry (DP-6966)

1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

*Attorneys for Defendants Compass Financial Partners LLC and Compass USA SPE LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCM PATHFINDER POMPANO BAY, LLC, )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>COMPASS FINANCIAL PARTNERS LLC and COMPASS USA SPE LLC, )<br>)<br>Defendants. ) | 08 Civ. 5297 (JSR)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I caused a true and correct copy of the ANSWER and AFFIRMATIVE DEFENSES to be served by Court's ECF System upon the following:

> Betty M. Shumener
> Todd B. Marcus
> Robert J. Odson
> DLA Piper US LLP
> 1251 Avenue of the Americas
> New York, NY 10020
> (212) 335-4500

DATED:   June 26, 2008

By: _/s/ Jake Wean_