UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
CCM PATHFINDER POMPANO BAY, LLC, :

    Plaintiff,

-against-

COMPASS FINANCIAL PARTNERS LLC
and COMPASS USA SPE LLC,

    Defendant.
------------------------------------
AND RELATED ACTIONS

------------------------------------ X

INDEX NO. 08 CIV 5258
INDEX NO. 08 CIV 5297
INDEX NO. 08 CIV 5298

**SUPPLEMENTAL DECLARATION OF JOHN D. SPURLING IN SUPPORT OF REPLY OF PLAINTIFFS TO OPPOSITION TO MOTION FOR REMAND**

I, John D. Spurling, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with DLA Piper US LLP, counsel of record for plaintiffs CCM Pathfinder Pompano Bay, LLC and CCM Pathfinder Gramercy, LLC ("Plaintiffs"). I have personal knowledge of the facts set forth herein and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit "A", and incorporated by reference herein, is a true and correct copy of the Order Directing Mediation, entered by the Nevada District Court on May 14, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 21st day of July 2008 in Los Angeles, California.

                                                    John D. Spurling

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| 3685 SAN FERNANDO LENDERS, LLC, et al., | Case No. 2:07-CV-892-RCJ-GWF-BASE |
|---|---|
| | Case No. 3:07-CV-241-RCJ-GWF |
| Plaintiffs, | Bankruptcy Case No. BK-S-06-10725 LBR [Chapter 11] |
| v. | |
| COMPASS USA SPE LLC, et al., | |
| Defendants | |

**ORDER DIRECTING MEDIATION**

On January 28, 2008, this Court entered its Order approving that certain Agreed Stipulation (the "Standstill and Mediation Order") pursuant to which the Court continued all matters between Plaintiffs, on the one hand, and Defendants Compass Financial Partners LLC, Compass USA SPE LLC (together, "Compass"), David Blatt, and Boris Piskun (together with Plaintiffs, the "Standstill Parties"), on the other, in the captioned litigation until on or after March 3, 2008, for the purpose of entering into a mediation (the "Standstill Period"), as outlined in the Letter Agreement attached as Exhibit A to the Standstill and Mediation Order.

On February 15, 2008, this Court entered an Order Directing Mediation. On February 25-26, 2008, the Standstill Parties participated in a two-day mediation before Bankruptcy Judge Mike Nakagawa. The Standstill Parties did not resolve all outstanding issues in the litigation at this two-day mediation. Nevertheless, the Standstill Parties determined that further mediation would be productive, and agreed to participate in an additional mediation session before Judge Nakagawa on March 13, 2008. Accordingly, the Standstill Period was extended through March 13, 2008.

At the March 13, 2008 mediation, a tentative resolution to the litigation was proposed that the representatives of the Plaintiff LLCs (the "LLCs") agreed to bring to the LLC members for a vote. The Standstill Parties thus agreed to extend the Standstill Period for the purpose of

1  permitting the parties to conduct a vote on the mediated settlement proposal.[1] On April 4, 2008,
2  the mediated settlement proposal was distributed to all of the LLC members.
3       On April 8, 2008, Donna M. Cangelosi ("Cangelosi"), as the sole member and the
4  Managing Member of FDH Management Company, LLC ("FDH"), the Managing Member of all
5  of the LLCs, in violation of the Standstill and Mediation Order, distributed to all LLC members a
6  letter proposal of third party Cross Litigation Management Company, LLC ("Cross") to take
7  assignments and pledges of the rights of the LLC members and assume exclusive control of the
8  litigation that was the subject of the Standstill and Mediation Order. Following that distribution,
9  Ms. Cangelosi sent the Cross documentation and numerous additional written and oral
10 communications and solicitations to the LLC members regarding the Cross proposal.
11      At a hearing conducted on April 28, 2008 regarding the Cross proposal, this Court
12 determined that, among other things, Cangelosi had violated prior orders of the Court in her
13 actions, the Cross proposal was not acceptable on its face, and Cangelosi, FDH, and the LLCs did
14 not provide a fair representation to the LLC members of the mediated settlement proposal. The
15 mediated settlement proposal expired by its terms on April 30, 2008. At the April 28, 2008
16 hearing, this Court made an oral ruling that, among other things,
17    (i)   requires Cangelosi and the LLCs to return all beneficial interests under the
18         deeds of trust or mortgages securing the obligations under the respective loan
19         documents to the LLC members by May 28, 2008,
20    (ii)   enjoins Cangelosi and FDH from further representing the interests of the LLC
21         members in the litigation or the mediation, and
22    (iii)   extends the Standstill Period through June 2, 2008 for the purpose of continuing
23         settlement efforts and enabling the individual LLC members to obtain a fair
24         representation of mediation offers.[2]

---

[1] Pursuant to the terms of this extension of the Standstill Period between the parties, Compass was permitted file with this Court (i) a motion requesting a determination of the priority of disputed fees on the San Fernando loan, and (ii) a motion for an order finding certain Direct Lenders in contempt of the Preliminary Injunction Order with respect to the Mountain House loan.

[2] At the request of the Court, Compass has lodged with the Court a proposed form of Order with respect to the oral ruling.

1  Based on the above, the Court, for good cause shown, makes the following Order:

2      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that mediation
3  among the Plaintiffs and Compass shall reconvene before Bankruptcy Judge Nakagawa, Third
4  Floor of the Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada, on
5  **June 6, 2008, at 9:30 a.m. (Pacific Time)** (the "Mediation").

6      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Mediation
7  session(s) shall be attended by a designated representative of the Plaintiffs (as set forth below)
8  and Compass, and their respective counsel of record in the litigation.

9      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each Plaintiff
10  LLC shall designate and send to the Mediation a representative (other than Cangelosi or FDH)
11  authorized to negotiate and act on behalf of each such LLC, subject to approval by the affected
12  individual direct lender LLC members.

13      **THE MEDIATION SHALL NOT BE CONTINUED OR VACATED**
14  **WITHOUT PRIOR APPROVAL OF BANKRUPTCY JUDGE NAKAGAWA. FAILURE**
15  **OF ANY ABOVE-REFERENCED PARTY TO APPEAR AT THE MEDIATION, EITHER**
16  **IN PERSON OR THROUGH AN AUTHORIZED REPRESENTATIVE, WILL RESULT**
17  **IN THE IMPOSITION OF SANCTIONS. IF THE MATTER IS SETTLED BEFORE THE**
18  **SCHEDULED MEDIATION DATE, THE PARTIES MUST NOTIFY JUDGE**
19  **NAKAGAWA'S CALENDAR CLERK SO THAT THE MATTER MAY BE TAKEN OFF**
20  **CALENDAR.**

21
22      IT IS SO ORDERED.
23      Dated May 14, 2008
24
25
26      U.S. DISTRICT COURT JUDGE
27
28

1 | SUBMITTED BY:
2 |
3 | ___/s/ Paul M. Torres___
    Linda Dakin-Grimm (admitted *pro hac vice*)
4 | Robert Jay Moore (admitted *pro hac vice*)
    Daniel M. Perry (admitted *pro hac vice*)
5 | MILBANK, TWEED, HADLEY & McCLOY, LLP
    601 S. Figueroa Street, 30th Floor
6 | Los Angeles, CA 90035
    Telephone No.: (213) 892-4000
7 | Facsimile No.: (213) 629-5063
8 | --and--
9 | Peter Bernhard (State Bar No. 734)
    Georganne W. Bradley (State Bar No. 1105)
10 | Bullivant Houser Bailey PC
     3883 Howard Hughes Pkwy., Ste. 550
11 | Las Vegas, NV 89169
     peter.bernhard@bullivant.com
12 | Telephone No.: (702) 650-6565
     Facsimile No.: (702) 650-2995
13 |
     Counsel for Compass Financial Partners LLC and Compass USA SPE LLC
14 |
15 |
...
28 |

-4-