UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CCM PATHFINDER POMPANO BAY, LLC,   :    INDEX NO.  08 CIV 5258
       Plaintiff,
                                    :
  -against-
                                    :
COMPASS FINANCIAL PARTNERS LLC
and COMPASS USA SPE LLC,            :
       Defendants.
-------------------------------------
                                    :
CCM PATHFINDER GRAMERCY, LLC,            INDEX NO.  08 CIV 5257
       Plaintiff,
                                    :
  -against-
                                    :
COMPASS FINANCIAL PARTNERS LLC
and COMPASS USA SPE LLC,            :
       Defendants.
                                    :
-------------------------------------
                                    :
CCM PATHFINDER POMPANO BAY, LLC,         INDEX NO.  08 CIV 5298
       Plaintiff,
                                    :
  -against-
                                    :
COMPASS FINANCIAL PARTNERS LLC
and COMPASS USA SPE LLC,            :
       Defendants.
                                    :
------------------------------------- X

**RESPONSE OF PLAINTIFFS TO**
**SUPPLEMENTAL REPLY OF COMPASS**

On May 21, 2007, fifty (50) Nevada limited liability companies (collectively, "LLCs"), none of which includes plaintiffs CCM Pathfinder Pompano Bay, LLC and CCM Pathfinder Gramercy, LLC (collectively, "Pathfinder") and none of whose members include Pathfinder, filed an action based on diversity of citizenship in Nevada District Court seeking to terminate Compass as loan servicer. On July 25, 2008, a receiver appointed by the Nevada District Court on behalf of the LLCs ("Receiver") filed an emergency motion for (a) leave to file third amended complaint as a class action, (b) appointment of the Receiver as receiver on behalf of all proposed class members, and (c) preliminary approval of the proposed class action settlement ("Receiver's Emergency Motions"). On August 11, 2008, the Nevada District Court denied the motions.

The "Supplemental Reply" filed by Compass claims that the Nevada District Court's denials of the Receiver's motions purportedly "make the case for transfer even stronger than it was previously." To the contrary, and as demonstrated below, the Nevada District Court's denials of the motions demonstrate with even greater force why this Court should remand Pathfinder's state law claims for money damages (e.g., breach of contract and breach of fiduciary duty) against Compass back to State Court.

First, Compass' claim that the Nevada District Court will "eventually approve" the proposed class action settlement is untrue and misleading. The Nevada District Court did not approve, and there is no indication that the Nevada District Court will ever approve, the proposed settlement.

> THE COURT: My initial reaction is that there is a problem with approval of this settlement class where all of the letters that I have received are in opposition from putative class members. I don't have any in approval. Of course, I do have some substantial ones represented by counsel and including Compass who holds direct-lender interests in favor of a settlement, and I want to hear about those and receive those, but the big problem is that we have so many who are opposed to it.

* * *

> If the parties arguing here cannot overcome the objections by direct lenders as expressed in these letters, I'm not going to approve the settlement.

(Perry Decl., Ex. A, p. 10, ll. 14-22; p. 14, l. 24-p. 15, l. 1.)

Second, the recent hearing before the Nevada District Court underscores the fact that the Nevada Action has been, and will be, hopelessly at a "standstill" for the foreseeable future. The Nevada District Court ruled that before it can even consider the settlement of the proposed class action, the Receiver must first perform a "note-by-note analysis" of the proposed settlement,[1] and ordered the parties to "submit to further mediation once you've done the analysis":

> THE COURT: * * * So I just don't have enough to tell me whether I can certify a class or whether the settlement is anywhere near reasonable without that note-by-note analysis....
>
> On the amount of the settlement, I simply have no way to opine, and, therefore, I'm simply going to order that you do the analysis for an amended complaint. I'm certainly going to approve the filing of an amended complaint, class-action complaint, with subclasses. But the amount, I simply have no basis to opine, and, therefore, I'm just going to simply order that both sides submit to a further mediation once you've done the analysis.

(Perry Decl., Ex. A, p. 124, ll. 15-17; p. 125, l. 24-p. 126, l. 6.)

Indeed, the pleadings in the Nevada Action are not even at issue.

> MR. FORSTOT: * * * With regard to the other side of the room, Silar hasn't even filed an answer, yet. It hasn't asserted any counterclaims.

(Perry Decl., Ex. A, p. 66, ll. 3-5.)

Third, Compass' argument that the proposed class action settlement, "if approved," will

---

[1] According to the Receiver, there are at least 50 notes at issue that must be analyzed on a "note-by-note" basis, followed by an analysis of each of the hundreds of loan servicing agreements pertaining to each note. (Perry Decl., Ex. A, p. 131, ll. 12-15.)

2

be a non-opt out settlement is irrelevant to Pathfinder's state law claims for money damages. As Compass admits, before the proposed non-opt out class action can proceed and the class certified, the settlement must be approved. As the Nevada District Court indicated during the hearing, it is doubtful that the settlement agreement will ever be approved given that (a) there are serious concerns about its fairness, (b) more than 300 hundred Lenders filed oppositions and no Lender filed any support for the proposed settlement, which is grossly unfair, and (c) the Nevada District Court made clear that "If the parties arguing here cannot overcome the objections by direct lenders as expressed in these letters, [the Court is] not going to approve the settlement."

Even if the Nevada District Court approves the settlement and certifies the class action over the objections of hundreds of Lenders without granting such Lenders the opportunity to opt out (on the ground that the Nevada Action seeks declaratory and injunctive relief as opposed to monetary damages), such approval as a matter of law will not have any effect on Pathfinder's state law claims for money damages against Compass for breaches of contractual and fiduciary duties. Brown v. Ticor Title Co., 982 F.2d 386, 392 (9th Cir. 1992) ("In order to bind an absent plaintiff concerning a claim for monetary damages, the court must provide minimal due process.... According to *Shutts*, minimal due process requires that 'an absent plaintiff be provided with an opportunity to remove himself from the class.... Because Brown had no opportunity to opt out of the MDL 633 litigation, we hold there would be a violation of minimal due process if Brown's damage claims were held barred by *res judicata*."); Clarke v. Advanced Private Networks, Inc., 173 F.R.D. 521, 522 (D. Nev. 1997) ("In a class action in which unnamed plaintiff class members are not permitted the opportunity to opt out, an unnamed plaintiff class member is not bound by that portion of a settlement which purports to preclude further claims for damages based on the same facts encompassed by the litigation."). In any

3

event, unless and until the revised settlement is approved by the Nevada District Court, what legal effect, if any, the revised settlement will have on the State Court Actions is nothing more than speculation.[2] If the revised class action settlement is ever approved, and Compass believes that the terms of the approved settlement will have any effect on the viability of the State Court Actions, Compass can bring an appropriate motion in this Court or the State Court at that time seeking the relief to which Compass believes that it is entitled. Compass' request to transfer the State Court Actions (which were filed three months ago in State Court) to the Nevada District Court on the ground that the Nevada District Court **might** one day approve the settlement of the class action against Compass (which has yet to be filed in the Nevada District Court) relies on pure speculation and conjecture and violates principles of comity.

Fourth, Compass' "Supplemental Reply" continues to put the cart (i.e., venue) before the horse (i.e., remand). Regardless of whether the Nevada District approved or denied the proposed

---

[2] In its Supplemental Reply, Compass falsely accuses Pathfinder's counsel of concealing from the Nevada District Court that Pathfinder had filed the State Court Actions in New York, stating that Pathfinder's counsel had approached the Nevada District Court "without informing Judge Jones during the hearing that Plaintiff had already commenced this pending litigation in New York and was resisting having it transferred to him …." Compass' statement is false. Pathfinder filed an objection to the Receiver's Emergency Motion in the Nevada District Court which states, on page 1, that Pathfinder had filed these State Court Actions against Compass in New York, as follows: **"The Pathfinder Lenders are innocent third parties who filed and are litigating separate actions against Compass for breach of contract and breach of fiduciary duty in New York (where they and Compass reside, where the documents and witnesses are located and in their choice of forum)."** That same point is emphasized and repeated on page 9 of the objection that Pathfinder filed in the Nevada District Court, as follows: **"The Pathfinder Lenders already have straightforward complaints pending against Compass in New York seeking damages for breach of contract and breach of fiduciary duty, and if given the opportunity to do so (as is their right), would opt out of the settlement proposed by the Receiver."** *See* Declaration of Betty M. Shumener, Exhibit "A", pages 1 and 9, filed concurrently herewith and incorporated by reference herein. Judge Jones made it clear at the hearing that he had thoroughly read Pathfinder's objection and engaged Pathfinder's counsel in a dialogue regarding several of the arguments contained in that objection. In any event, Compass offers no explanation why its counsel (who spoke both before and after Pathfinder's counsel at the hearing) failed to inform the Nevada District Court of the State Court Actions pending in New York.

4

class action settlement, this Court should first decide the threshold issue of remand before deciding whether or not to transfer venue. The law is settled that "courts faced with cross-motions for remand and change of venue consider the remand motion first and, if remand is denied, turn to the motion for change of venue." Renaissance Cosmetics, Inc. v. Dev. Specialists Inc., 277 B.R. 5, 11 (S.D.N.Y. 2002); Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 281 B.R. 809, 813 (N.D.N.Y. 2002); Renaissance Cosmetics, Inc. v. Oleg Cassini, Inc., 2000 U.S. Dist. LEXIS 9198 *7 (S.D.N.Y. 2000); Channel Bell Assoc. v. W.R. Grace & Co., 1992 U.S. Dist. LEXIS 13014 *5-7 (S.D.N.Y. 1992). The State Actions should be remanded to the State Court because Pathfinder's state law claims for money damages belong in the State Court, there is no "related to" bankruptcy jurisdiction because the debtor's plan was confirmed in January 2007, Pathfinder's state law claims against a non-debtor third party do not affect or impact the administration of debtor's estate, there is no diversity jurisdiction, and the State Court Actions are subject to mandatory and discretionary abstention.

In sum, whether or not the class action settlement in Nevada will ever be approved is nothing but speculation and conjecture. To date, there is no settlement and no class action. Compass' attempt to bring the State Court Actions to a "standstill" in Nevada by engaging this Court in speculation and conjecture is improper and without merit. Pathfinder respectfully requests that the Court remand the State Actions to the Supreme Court of New York.

Dated: New York, New York.
August 19, 2008

DLA PIPER US LLP

By: /s/ Betty M. Shumener

Betty M. Shumener
Todd B. Marcus
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
Attorneys for Plaintiffs